United States District Court
Southern District of Texas
FILED

OCT 14 2003

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

MARIA CRISTINA LOPEZ, )
GUADALUPE DEL ROSARIO LOPEZ, )
JOSE MAURILIO LOPEZ, and )
JUAN LUIS LOPEZ, )
)
v. ) C.A. M-03-320
)
A.G. WINFREY, Interim Field Office )
Director, DHS HLG/DO, and )
THE UNITED STATES OF AMERICA. )
_____ )

## PETITION FOR WRIT OF HABEAS CORPUS
## AND COMPLAINT FOR DECLARATORY JUDGMENT

The Lopez siblings, Maria Cristina, Guadalupe Del Rosario, Jose Maurilio and Juan Luis, by and through the undersigned, file the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241, and Complaint for Declaratory Judgment, under 28 U.S.C. §§1331 and 2201, et seq. See also, 28 U.S.C. §1367.

### I. JURISDICTION AND VENUE

1. Petitioners are under administratively final orders of deportation, dated January 28, 2002, (Petitioner's Exhibit "A" herein incorporated by reference), following proceedings conducted in Harlingen, Texas, within the jurisdiction of this Court. "Bag and Baggage letters" (Form I-166), were issued on March 8, 2002, requiring that they report for deportation on April 8, 2002. (Exhibit "B"). As discussed below, they had no actual knowledge either of the final deportation orders, or of the "Bag and Baggage letters." They reside in Hidalgo County, Texas, [1] and have been informed that Respondents are actively seeking them, in order to execute said deportation orders. However, they claim that they are United States citizens, by virtue of their births in this country.

---

[1] Petitioners Juan and Guadalupe reside in Edinburg, Texas. Petitioners Maria Cristina and Jose reside in Donna, Texas.

## II. THE PARTIES

2. Petitioners are four siblings, who claim to have been born in the United States, and have lived here for virtually their entire lives. They presently reside in Hidalgo County, Texas.

3. A.G. Winfrey is Interim Field Office Director HLG/DRO of the Department of Homeland Security,[2] and is sued in her official capacity only. Respondent Winfrey also maintains offices and conduct business in Harlingen, Texas.

## III. THE FACTS

4. Petitioners, and two other siblings, were placed under deportation proceedings in May of 1986, after Respondents discovered that their births had been registered both in Mexico, and in the United States.

5. On September 16, 1987, following a hearing conducted in Harlingen, Texas at which extensive testimony and other evidence was presented, the Immigration Judge found that all six were U.S. citizens, and terminated proceedings. (Exhibit "C").

6. INS appealed in five of the six cases. On November 5, 1992, the BIA sustained INS' appeal, and ordered that the Petitioners, and one additional sibling, (Angelica Yolanda Lopez-Perez), be deported to Mexico. (Exhibit "D").

7. On June 22, 1995, though current counsel, Petitioners filed motions to reconsider an reopen with the Board of Immigration

---

[2] Because proceedings were conducted while the prosecuting agency was known as the Immigration and Naturalization Service, ("INS"), that terminology will be used herein.

Appeals. Points and Authorities were filed July 5, 1996, and rebuttal to INS' opposition, on July 24, 1996. (Exhibit "E").

8. Said motion remained unadjudicated until February 7, 2001, at which time the BIA denied the motion to reconsider its finding that they were not U.S. citizens, and reopened only for the purpose of permitting them to seek relief from deportation. (Exhibit "F").

9. By then, however, the Petitioners had lost contact with counsel. The family had relied on the eldest, Maria Cristina, who had previously made all the arrangements. She, however, had suffered a personal trauma, and had left the area, taking only three changes of clothing, and the documents of her children. Juan Lopez once went to the offices of prior counsel, in Harlingen, only to find them abandoned. None of the remaining siblings knew how to spell counsel's last name, and did not have her telephone number, so they had no other means of contacting her. Counsel made numerous attempts to locate Petitioners, likewise, without success.

10. As a result, on January 28, 2002, the Immigration Judge conducted an *in absentia* hearing. With respect to Angelica Yolanda Lopez-Perez, he terminated proceedings. In the cases of the four Petitioners, he held that they had abandoned all possibility of relief, and again ordered their deportation. Although both the undersigned and INS attempted to reserve appeal, the Judge held that Petitioners could not appeal, since they had not appeared at the hearing. For this reason, he crossed out the notation on the Orders, giving the date by which the appeal was due. (Exhibit "A"). INS did not appeal the order terminating proceedings in the case of Angelica Yolanda Lopez-Perez.

11. Shortly thereafter, INS served "Bag and Baggage letters" on

Petitioners, through counsel. Counsel was still unable to locate them. And in 2003, INS began to make efforts to locate them. By then, Maria Christina had returned to the Valley, and in September, 2003, she finally located the undersigned. But it was too late to seek reopening of the proceedings before the Immigration Judge.

12. Petitioners assert that they did not deliberately bypass direct review of their orders before the Court of Appeals, and that they are therefore entitled to habeas review of the final deportation orders, pursuant to *U.S. ex rel Marcello v. District Director,* 634 F.2d 964, 970-971 (5th Cir. 1981), cited with approval in *INS v. St. Cyr,* 533 U.S. 289, 310 (2001), and a *de novo* hearing at which to prove their claims to United States citizenship. [3]

WHEREFORE, it is respectfully urged that this Court conduct a *de novo* hearing with respect to the claim of Petitioners that they were born in the United States, and are not subject to deportation.

Respectfully Submitted,

---

[3] If Respondents were to execute the deportation orders, and Petitioners were thereafter to return to the United States, they would be subject to having the orders reinstated. 8 U.S.C. §1231(a)(5). They could at that time defend against reinstatement on the grounds that they are U.S. citizens, and if Respondents nonetheless reinstated the orders, Petitioners could seek review of the reinstated orders at the Fifth Circuit. In those proceedings, upon showing that there is a "genuine issue of material fact" with respect to their nationality, they would be entitled to seek a transfer to this Court for a *de novo* hearing on their claim to U.S. citizenship. 8 U.S.C. §1252(b)(5)(B). It is urged that the mere fact that the Immigration Judge found them to be citizens, after hearing the evidence, is sufficient to make such a showing. (Exhibit C). It would make no sense to make them go through those additional (and futile) steps, prior to giving them the *de novo* hearing to which they would then be entitled.

*[signature: Lisa S. Brodyaga]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178, Texas Bar 03052800

**VERIFICATION OF COUNSEL**

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect to the deportation proceedings conducted herein are true and correct to the best of my knowledge and belief.

*[signature: Lisa S. Brodyaga]*

**VERIFICATION OF PETITIONERS**

We, the Petitioners herein, hereby certify that the facts as stated above are true and correct to the best of our knowledge and belief.

*[signature]*
Maria Cristina Lopez

*[signature]*
Guadalupe Del Rosario Lopez

*[signature]*
Jose Maurilio Lopez

*[signature]*
Juan Luis Lopez

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, hereby certify that a courtesy copy of the foregoing, with Exhibit A, was personally delivered to the office of Lisa Putnam, SAUSA, Harlingen, Texas, on October   , 2003.

_____
Lisa S. Brodyaga

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| MARIA CRISTINA LOPEZ, ) | |
| GUADALUPE DEL ROSARIO LOPEZ, ) | |
| JOSE MAURILIO LOPEZ, and ) | |
| JUAN LUIS LOPEZ, ) | |
| ) | |
| v.                                      ) | C.A. |
| ) | |
| A.G. WINFREY, Interim Field Office ) | |
|   Director, DHS HLG/DO, and ) | |
| THE UNITED STATES OF AMERICA. ) | |
| _____ ) | |

**EXHIBIT "A" IN SUPPORT OF PETITION FOR HABEAS CORPUS**

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

In the Matter of:                      Case No.: A26-952-113
LOPEZ-PEREZ, MARIA C.

RESPONDENT                             IN DEPORTATION PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 28, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed, the Oral Decision will become the official
decision in this matter.

(✓)   The respondent was ordered deported to MEXICO, or in
      the alternative to
( )   Respondent's application for voluntary departure was denied and
      respondent was ordered deported to MEXICO
      or in the alternative to
( )   Respondent's application for voluntary departure was granted until
      _____, with an alternate order of deportation
      to MEXICO or
( )   Respondent's application for asylum was ( )granted ( )denied
      ( )withdrawn ( )other.
( )   Respondent's application for withholding of deportation was
      ( )granted ( )denied ( )withdrawn ( )other.
( )   Respondent's application for suspension of deportation was ( ) granted
      under section 244(a)(1) or (2) ( ) granted under section 244(a)(3)
      ( ) denied ( ) withdrawn ( ) other.
( )   Respondent's application for waiver under Section _____ of
      the Immigration and Nationality Act was ( )granted ( )denied
      ( )withdrawn ( )other.
( )   Respondent's application for _____ was
      ( )granted ( )denied ( )withdrawn ( )other.
( )   Proceedings were terminated.
( )   The application for adjustment of status under Section (216)(216A)
      (245)(249) was ( )granted ( )denied ( )withdrawn ( )other.
      If granted, it was ordered that the respondent be issued all
      appropriate documents necessary to give effect to this order.
( )   Respondent's status was rescinded under Section 246.
( )   Other _____
( )   Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.

Date:  Jan 28, 2002
                                       _____
                                       HOWARD E. ACHTSAM
                                       Immigration Judge

Appeal: WAIVED (Alien/INS/Both)

YM

ALIEN NUMBER: 26-952-113                         ALIEN NAME: LOPEZ-PEREZ, MARIA C.

---

```
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO: [ ] ALIEN  [/] ALIEN c/o Custodial Officer  [✓] ALIEN's ATT/REP  [/] INS
DATE:    1/28/02          BY: COURT STAFF    A. Martinez
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [✓] Legal Services List  [ ] Other
```

---

6Q

```
                    U.S. DEPARTMENT OF JUSTICE
               EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
                         IMMIGRATION COURT
                        201 E. JACKSON STREET
                        HARLINGEN, TX  78550
```

In the Matter of:                    Case No.: A26-952-115
LOPEZ-PEREZ, GUADALUPE R.

RESPONDENT                           IN DEPORTATION PROCEEDINGS

                    ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 28, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed, the Oral Decision will become the official
decision in this matter.

(✓)   The respondent was ordered deported to MEXICO, or in
      the alternative to
( )   Respondent's application for voluntary departure was denied and
      respondent was ordered deported to MEXICO
      or in the alternative to
( )   Respondent's application for voluntary departure was granted until
      , with an alternate order of deportation
      to MEXICO or
( )   Respondent's application for asylum was ( )granted ( )denied
      ( )withdrawn ( )other.
( )   Respondent's application for withholding of deportation was
      ( )granted ( )denied ( )withdrawn ( )other.
( )   Respondent's application for suspension of deportation was ( ) granted
      under section 244(a)(1) or (2) ( ) granted under section 244(a)(3)
      ( ) denied ( ) withdrawn ( ) other.
( )   Respondent's application for waiver under Section _____ of
      the Immigration and Nationality Act was ( )granted ( )denied
      ( )withdrawn ( )other.
( )   Respondent's application for _____ was
      ( )granted ( )denied ( )withdrawn ( )other.
( )   Proceedings were terminated.
( )   The application for adjustment of status under Section (216)(216A)
      (245)(249) was ( )granted ( )denied ( )withdrawn ( )other.
      If granted, it was ordered that the respondent be issued all
      appropriate documents necessary to give effect to this order.
( )   Respondent's status was rescinded under Section 246.
( )   Other _____.
( )   Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.

Date: Jan 28, 2002
                                     _____
                                     HOWARD E. ACHTSAM
                                     Immigration Judge

Appeal: _____ (Alien/INS/Both)

YM

ALIEN NUMBER: 26-952-115                                          ALIEN NAME: LOPEZ-PEREZ, GUADALUP

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer, [✓] ALIEN'S ATT/REP  [ ] INS
DATE: __1/28/02__  BY: COURT STAFF __L. Martinez__
     Attachments: [ ] EOIR-33  [ ] EOIR 28  [✓] Legal Services List  [ ] Other

---

6Q

```
              U.S. DEPARTMENT OF JUSTICE
         EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
                   IMMIGRATION COURT
                  201 E. JACKSON STREET
                   HARLINGEN, TX  78550
```

In the Matter of:                    Case No.: A26-952-116
LOPEZ-PEREZ, JUAN L.

RESPONDENT                           IN DEPORTATION PROCEEDINGS

                ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 28, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed, the Oral Decision will become the official
decision in this matter.

( ✓ )   The respondent was ordered deported to MEXICO, or in
        the alternative to
(   )   Respondent's application for voluntary departure was denied and
        respondent was ordered deported to MEXICO
        or in the alternative to
(   )   Respondent's application for voluntary departure was granted until
        _____, with an alternate order of deportation
        to MEXICO or
(   )   Respondent's application for asylum was ( )granted ( )denied
        ( )withdrawn ( )other.
(   )   Respondent's application for withholding of deportation was
        ( )granted ( )denied ( )withdrawn ( )other.
(   )   Respondent's application for suspension of deportation was ( ) granted
        under section 244(a)(1) or (2) ( ) granted under section 244(a)(3)
        ( ) denied ( ) withdrawn ( ) other.
(   )   Respondent's application for waiver under Section _____ of
        the Immigration and Nationality Act was ( )granted ( )denied
        ( )withdrawn ( )other.
(   )   Respondent's application for _____ was
        ( )granted ( )denied ( )withdrawn ( )other.
(   )   Proceedings were terminated.
(   )   The application for adjustment of status under Section (216)(216A)
        (245)(249) was ( )granted ( )denied ( )withdrawn ( )other.
        If granted, it was ordered that the respondent be issued all
        appropriate documents necessary to give effect to this order.
(   )   Respondent's status was rescinded under Section 246.
(   )   Other _____.
(   )   Respondent was advised of the limitation on discretionary relief for
        failure to appear as ordered in the Immigration Judge's oral decision.

Date: Jan 28, 2002
                                     _____
                                     HOWARD E. ACHTSAM
                                     Immigration Judge

Appeal: ~~Waived~~  (Alien/INS/Both)
Appeal ~~due by~~ ~~~~~~~~~~

YM

ALIEN NUMBER: 26-952-116                    ALIEN NAME: LOPEZ-PEREZ, JUAN L.

```
                         CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's ATT/REP  [X] INS
DATE:  1/28/02     BY: COURT STAFF _D. Martinez_
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [X] Legal Services List  [ ] Other
```

6Q

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the matter of:            Case No.: A26-952-117
LOPEZ-PEREZ, JOSE M.

RESPONDENT            IN DEPORTATION PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 28, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed, the Oral Decision will become the official
decision in this matter.

(✓) The respondent was ordered deported to MEXICO, or in
     the alternative to
( ) Respondent's application for voluntary departure was denied and
     respondent was ordered deported to MEXICO
     or in the alternative to
( ) Respondent's application for voluntary departure was granted until
     _____, with an alternate order of deportation
     to MEXICO or
( ) Respondent's application for asylum was ( )granted ( )denied
     ( )withdrawn ( )other.
( ) Respondent's application for withholding of deportation was
     ( )granted ( )denied ( )withdrawn ( )other.
( ) Respondent's application for suspension of deportation was ( ) granted
     under section 244(a)(1) or (2) ( ) granted under section 244(a)(3)
     ( ) denied ( ) withdrawn ( ) other.
( ) Respondent's application for waiver under Section _____ of
     the Immigration and Nationality Act was ( )granted ( )denied
     ( )withdrawn ( )other.
( ) Respondent's application for _____ was
     ( )granted ( )denied ( )withdrawn ( )other.
( ) Proceedings were terminated.
( ) The application for adjustment of status under Section (216)(216A)
     (245)(249) was ( )granted ( )denied ( )withdrawn ( )other.
     If granted, it was ordered that the respondent be issued all
     appropriate documents necessary to give effect to this order.
( ) Respondent's status was rescinded under Section 246.
( ) Other _____
( ) Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

Date: Jan 28, 2002

                                       HOWARD E. ACHTSAM
                                       Immigration Judge

Appeal: _____ (Alien/INS/Both)
Appeal Due by: Feb 27, 2002

YM

ALIEN NUMBER: 26-952-117                                  ALIEN NAME: LOPEZ-PEREZ, JOSE M.

---

### CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's ATT/REP  [X] INS
DATE: _1/29/02_  BY: COURT STAFF _B. Martinez_
  Attachments: [ ] EOIR-33  [ ] EOIR-28  [X] Legal Services List  [ ] Other

---

6Q